LINCOLN V. HORTON (SBN 165238)
HORTON VILLAGE LAW GROUP, APC
lhorton@hortonvillagelaw.com
16236 San Dieguito Road, Suite 5-24
P.O. Box 9181
Rancho Santa Fe, CA 92067
Telephone: 858.832.8685

Attorneys for Plaintiff LUANN REIN, an individual

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUANN REIN, an individual,<br><br>    Plaintiff,<br><br>    v.<br><br>UNITED STATES OF AMERICA, a governmental entity, SAN DIEGO COUNTY REGIONAL AIRPORT AUTHORITY, a governmental entity, and DOES 1 to 10, inclusive,<br><br>    Defendants. | Case No. '22CV1856 W    AHG<br><br>**COMPLAINT FOR DAMAGES**<br><br>1. **NEGLIGENCE**<br>2. **PREMISES LIABILITY**<br><br>**JURY TRIAL DEMAND** |

Plaintiff LUANN REIN, an individual ("Plaintiff" or "Rein"), brings this action against Defendants UNITED STATES OF AMERICA, a governmental entity, SAN DIEGO COUNTY REGIONAL AIRPORT AUTHORITY, a governmental entity, and DOES 1 to 10 (collectively "Defendants"), and alleges as follows:

### THE PARTIES AND JURISDICTION

1. Plaintiff Rein is an individual who resides in the City of San Diego, County of San Diego, California.

2. Defendant UNITED STATES OF AMERICA ("USA") is a governmental entity, a division of which is the United States Department of Homeland Security.

1

COMPLAINT FOR DAMAGES

The United States Transportation Security Administration is a division of the United States Department of Homeland Security ("TSA") with responsibilities for security and public safety at the San Diego International Airport.

3. Defendant SAN DIEGO COUNTY REGIONAL AIRPORT AUTHORITY ("SDCRAA") is a governmental entity which owns and operates the San Diego International Airport ("SDIA"). Its primary place of business is 3225 North Harbor Drive, 3rd Floor, San Diego, California 92101.

4. USA/TSA and SDCRAA were served with administrative claims pursuant to the Federal Tort Claims Act ("FTCA") and California Tort Claims Act ("CTCA"), respectively, on April 22, 2022. USA/TSA acknowledged the claim effective May 16, 2022, but no denial has been received. SDCRAA denied the claim on June 2, 2022. This complaint is timely pursuant to the applicable FTCA and CTCA statutes, and the above recited facts.

5. This Federal District Court has jurisdiction in this matter that includes the USA as a defendant pursuant to 28 U.S.C. § 1346. Additionally, this Court has jurisdiction over all other claims pursuant to 28 U.S.C. § 1367 because all of the claims arise out the same nexus of operative facts and are so intertwined that they cannot be reasonably separated.

6. Venue is proper pursuant to 28 U.S.C. § 1402 because at all times relevant Plaintiff resided in this judicial district, and all of the wrongful acts and/or omissions complained of herein occurred in this judicial district.

7. Defendants DOES 1 to 10, inclusive, are the fictitious names of those Defendants whose true names are unknown to Plaintiff, and whose true capacities, whether as individuals, corporations, partnerships, joint venturers and/or associations, are also unknown to Plaintiff, and when such true names are ascertained, Plaintiff will amend this complaint by inserting said true names in the place of said fictitious names in accordance with the Federal Rules of Civil Procedure. Plaintiff is informed and believes and thereon alleges that, whenever

and wherever in this complaint all Defendants are the subject of the charging allegations by Plaintiff, said Does are also responsible in some manner for the events and happenings and it shall be deemed that said Defendants, DOES 1 to 10, inclusive, and each of them, are likewise the subject of said charging allegations herein by Plaintiff.

8.  At all times herein mentioned, Defendants, and each of them, were the agents, servants, and/or employees of each of the other Defendants herein, and at the same time and place of the events hereinafter described, were acting within the course and scope of said agency and employment with the permission, agreement, consent and ratification of the other Defendants and each of them.

## FACTUAL ALLEGATIONS

9.  The incident occurred on February 17, 2022 at about 10:15 a.m. in terminal 2 of the SDIA at TSA security pre-board lane 9 or 10 of checkpoint 6.

10.  Plaintiff was 68 years old at the time of the incident, was disabled, and walked with a cane.

11.  Plaintiff was at the airport with her husband, Don Rein, to catch a flight to visit relatives in Colorado.

12.  At the direction of TSA personnel, she put her cane on the conveyor belt to go through an x-ray machine.

13.  At the direction of TSA personnel, she walked through an adjacent x-ray body scanner, but set off the scanner.

14.  She was directed by TSA personnel to go back out of the x-ray machine and take off her shoes, then return through the machine to try again.

15.  Plaintiff looked for a place where she could take off her shoes.  However, there was no chair to sit in for this purpose.

16.  As airport video of the incident shows, Plaintiff tried to balance herself with her left hand on a temporary stanchion that cordoned off the area she was in, and ultimately also put her right hand on her husband who was bending over to

take off her shoes.

17. There is no warning sign on or near the stanchion to alert the public that it is unstable and dangerous to lean on. TSA employees were watching Plaintiff and did not warn her that it is dangerous to lean on the stanchion, or that the stanchion is not stable.

18. After her husband took off one of Plaintiff's shoes and started to take off the other, the video shows the unstable stanchion move/wobble, causing Plaintiff's body weight to shift and Plaintiff to lose her balance. The momentum of the sudden weight shift due to the movement of the unstable stanchion, combined with her attempt to keep her herself from falling, caused Plaintiff to spin around as she lost her balance, fell, and hit the back of her head hard on the terrazzo floor, causing her to lose consciousness.

19. As the video shows, almost immediately after the fall, TSA personnel brought out a chair from somewhere past the x-ray machine. No chair had been in the area where Plaintiff was before the fall.

20. There are chairs throughout the airport in other security lanes, to enable the public to sit and take of their shoes while going through security, but not the lane Plaintiff was in.

21. The hard fall caused Plaintiff to suffer a concussion and traumatic brain injury, a bloody head, cervical pain, back pain, and other injuries, requiring ambulatory and emergency room treatment. Despite continuing treatment her traumatic brain injury has not resolved.

## FIRST CAUSE OF ACTION

(Negligence Against All Defendants)

22. Plaintiff incorporates by reference each and every allegation contained in paragraphs 1 through 21 above, as though fully set forth herein.

23. Under the Federal Tort Claims Act, Defendant USA is liable for personal injury damages caused by the negligent or wrongful acts or omissions of

government employees acting in the scope of their employment. 28 U.S.C. 1346(b); 28 U.S.C. 2671, et seq.

24. Under the California Tort Claims Act, Defendant SDCRAA is liable for personal injury damages caused by the negligent or wrongful acts or omissions of its employees acting within the course and scope of their employment, and dangerous conditions on public property. Cal. Govt. Code §§ 810, et seq.

25. Defendants, along with their employees, owe a duty to Plaintiff as a member of the public to take reasonable steps to insure her safety while proceeding through security at the SDIA.

26. Defendants' employees, while acting in the course and scope of their employment, committed acts and omissions that caused Plaintiff to slip and fall on her head with great force resulting in an immediate loss of consciousness, a traumatic brain injury, and other injuries.

27. Plaintiff's slip and resulting injuries are a foreseeable result of Defendants' and Defendants' employees acts and omissions.

28. Defendants' employees' causative acts and omissions include prohibiting Plaintiff, a disabled, 68 year old woman, from utilizing her cane in the security area.

29. Defendants' employees' causative acts and omissions include not providing a chair for Plaintiff [and members of the public generally] to sit in while taking off her shoes as instructed by said employees.  A chair was not brought into the area until after the fall.

30. Chairs are available in other security lanes at the airport, but not in the lane utilized by Plaintiff.

31. Defendant's employees' acts and omissions caused Plaintiff to try to balance herself on an unstable, temporary stanchion, while her husband tried to assist her in taking off her shoes, in full view of Defendant's employees without any verbal warning from the employees that it is dangerous to do so.

COMPLAINT FOR DAMAGES

32. There is no warning sign on or near the temporary stanchion to alert Plaintiff/the public that it is dangerous to lean on it because it is unstable.

33. Plaintiff believes that the failure to have a chair for Plaintiff to sit in to take off her shoes is a violation of Defendants guidelines, protocols and best practices.

34. Regardless of whether Defendants have such a written protocol, provision of a chair is a reasonable, common-sense, safety precaution for the public, including, but not limited to, disabled members of the public like Plaintiff, to avoid foreseeable injury.

35. Defendants' employees' described acts and omissions are negligent, created dangerous conditions that breached Defendants' duties to Plaintiff, and are the proximate cause of Plaintiff's fall and injuries, including an ongoing traumatic brain injury.

36. Plaintiff suffered and continues to suffer damages as a result of the fall and her injuries, including economic damages, not exclusively the expenses related to her ongoing medical treatment, and non-economic damages for pain and suffering.

37. Plaintiff seeks and is entitled to obtain a judgment for damages against Defendants according to proof, plus daily pre-judgment interest calculated at the California statutory rate of ten (10) percent per annum, if applicable, costs of suit, and such other and further relief as the Court deems proper.

## SECOND CAUSE OF ACTION

### (Premises Liability Against All Defendants)

38. Plaintiff incorporates by reference each and every allegation contained in paragraphs 1 through 37 above, as though fully set forth herein.

39. Defendants own, possess and/or control the premises at the SDIA, terminal 2, security lane 9 or 10 of checkpoint 6 where the incident occurred.

40. Defendants owe a duty to Plaintiff and the public to take reasonable steps to avoid the existence of dangerous conditions in the security lanes of the airport.

41. Defendants' employees created a dangerous condition in the security lane

where Plaintiff attempted to go through by failing to have a chair for Plaintiff to sit in while she complied with Defendants' employees order to remove her shoes.

42. Defendants' employees created a dangerous condition in the security lane that Plaintiff attempted to go through by having an unstable stanchion without a sign warning that it was unstable and should not be leaned on, or a verbal warning from Defendants' employees who were watching Plaintiff after ordering her to remove her shoes. Plaintiff, not knowing and not being warned that the stanchion was unstable, and not having a chair to sit in, or her cane to utilize, attempted to lean on the unstable stanchion while seeking to comply with Defendants' employees' order to remove her shoes.

43. The dangerous conditions of the premises caused Plaintiff to slip and fall hard on her head, lose consciousness, and suffer a traumatic brain injury and other injuries.

44. Plaintiff suffered and continues to suffer damages as a result of the fall and her injuries, including economic damages, not exclusively the expenses related to her ongoing medical treatment, and non-economic damages for pain and suffering.

45. Plaintiff seeks and is entitled to obtain a judgment for damages against Defendants according to proof, plus daily pre-judgment interest calculated at the California statutory rate of ten (10) percent per annum, if applicable, costs of suit, and such other and further relief as the Court deems proper.

WHEREFORE, Plaintiff prays for judgment in her favor and against Defendants as follows:

1. For damages according to proof at trial.
2. For an award of daily pre-judgment interest.
3. For costs of suit.
4. For such other and further relief as the Court may deem proper.

1 | Jury Trial requested by Plaintiff.

3 | DATED: November 28, 2022     HORTON VILLAGE LAW GROUP, APC

By: /s/ Lincoln V. Horton
    LINCOLN V. HORTON
Attorneys for Plaintiff LUANN REIN, an individual